IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 67,002-01 & 67,002-02






EX PARTE JERRY ARCE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 2004R-013-A & 2004R-014-A IN THE 155TH DISTRICT COURT


FROM FAYETTE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was twice convicted of theft
and sentenced to concurrent ten year terms of imprisonment. 

 Applicant contends that he is being denied the full three hundred days credit that he was
awarded by the trial court. Applicant has alleged facts that, if true, might entitle him to relief. In
these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it may order the Texas Board of Pardons and Paroles and /or the Texas Department of Criminal 
Justice, Correctional Institutions Division, to file an affidavit listing Applicant's sentence begin date
as well as how that date was calculated and whether Applicant has been credited with the three
hundred days as reflected in the judgments. The affidavit should also indicate whether or not
Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the date
when the claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't. Code § 501.0081(b)-(c). The trial
court shall also make findings as to whether Applicant is receiving the proper amount of time credit
as awarded by the trial court. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 21, 2007

Do not publish